**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| JEROME VICTOR TRAFNY,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>          Defendants. | Case No. 2:06-CV-578 TC<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING CASE** |

Plaintiff, Jerome Victor Trafny, an inmate at the federal penitentiary in Tucson, Arizona, filed this *pro se* civil rights suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U .S. 388, 91 S. Ct. 1999 (1971)*. Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. 1915 (West 2007). This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Background

Plaintiff's claims stem from his transfer from state to federal custody while serving a state sentence at the Utah State Prison.  In 1988, Plaintiff was convicted in the Utah courts of one count of rape, a First Degree Felony, and sentenced to a prison term of five years to life.  On February 18, 2004, a federal grand jury returned an indictment against Plaintiff for

bank robbery.  A detainer was lodged against Plaintiff on February 19, 2004, and a writ of habeas corpus *ad prosequendum* was issued the following day.  On March 1, 2004, Plaintiff was taken into custody by the United States Marshals and brought before the United States District Court to answer the federal charges.  Plaintiff plead guilty on April 5, 2004, and was sentenced on July 8, 2004, to 151 months imprisonment in the custody of the United States Bureau of Prisons.[1]  Plaintiff was returned to the Utah State Prison on July 9, 2004.  On October 5, 2004, the Utah Board of Pardons and Parole granted Plaintiff parole on his state sentence and transferred him to the United States Bureau of Prisons to serve out his federal sentence. Plaintiff has been informed by the Utah Attorney General's Office that his time in federal custody does not count toward his Utah sentence, and, following the expiration of his federal sentence Plaintiff will remain on probation in Utah.

## III. Sufficiency of Plaintiff's Complaint

Plaintiff alleges that Defendants violated his right to due process under the Fifth and Fourteenth Amendments, the Interstate Agreement on Detainers Act (IAD), 18 U.S.C.App. 2, §§ 1-9 (West 2007), and Utah's Uniform Criminal Extradition Act (UCEA), Utah

---

[1]    Plaintiff was later re-sentenced on May 10, 2005, and his term of imprisonment was reduced to 63 months.

Code Ann. §§ 77-30-1 to 28 (West 2007), by denying him certain procedural safeguards in relation to his transfer from state to federal custody.  Plaintiff seeks compensatory and punitive damages for the alleged violation of his due process rights, he also seeks to have his federal and state sentences vacated and all charges against him dismissed.

### A. Pre-Transfer Hearing

Plaintiff's first claim alleges that Defendants violated Plaintiff's right to due process by denying him a pre-transfer hearing prior to his transfer from state to federal custody on March 1, 2004, and again on October 5, 2004.  Plaintiff argues that he "has a right under Art IV (d) of the [IAD] to the procedural safeguards, including a pre-transfer hearing, prescribed by section 10 of the [UCEA]."  (Compl. at 4.)

The UCEA's pre-transfer hearing provision reads in pertinent part:

> No person arrested upon such warrant shall be delivered over to the agent to whom the executive authority demanding him shall have appointed to receive him unless *he shall first be taken forthwith before a judge* of a court of record in this state who shall inform him of the demand made for his surrender and of the crime with which he is charged . . . .

Utah Code Ann. § 77-30-10 (West 2007) (Emphasis added).

Plaintiff apparently concedes that the United States is not a

signatory to the UCEA.  App. I Unif. Crim. Extradition Act § 1
(listing "jurisdictions wherein [UCEA] has been adopted"); *see,
e.g.*, Mann v. Warden of Eglin Air Force Base, 771 F .2d 1453,
1454 (11th Cir. 1985) ("[T]he United States has not adopted" the
Uniform Criminal Extradition Act), *cert. denied*, 475 U.S. 1017,
106 S. Ct. 1200 (1986).  However, Plaintiff argues that UCEA's
procedural protections are guaranteed under the federal IAD by
virtue of the Supreme Court's decision in *Cuyler v. Adams,* 449
U.S. 443, 101 S. Ct. 703 (1981), which "conclude[d] as a matter
of federal law that prisoners transferred pursuant to the
provisions of the [IAD] are not required to forfeit any
pre-existing rights they may have under state or federal law to
challenge their transfer to the receiving State." *Id.* at 450.

Although Plaintiff is correct that the UCEA's pre-transfer
hearing requirement amounts to a "pre-existing right under state
law" for purposes of federal-to-state, or state-to-state
transfers under the IAD, it is clear from the language of the
UCEA that the requirement does not apply to state-to-federal
transfers, as challenged here.  Section 77-30-2 of Utah's UCEA
states:

> [I]t is the duty of the governor of *this state* to have
> arrested and delivered up to the executive authority of
> *any other state of the United States* any person charged
> in that state with treason, felony or other crime who has
> fled from justice and is found in this state.

(Emphasis added.)  And, § 77-30-1 clarifies that under the UCEA
"[t]he term 'state,' refer[s] to a state other than [Utah],
includ[ing] any other state or territory, organized or
unorganized, *of the United States of America*."  (Emphasis added.)
Clearly, the United States is not a "state *of* the United States"
and, thus, does not fall within the scope of the UCEA.

In essence, Plaintiff fundamentally misconstrues his
transfer from state to federal custody as an extradition, subject
to the UCEA.  However, it is clear that no "extradition" occurred
in this case because Plaintiff was already within the
jurisdiction of the United States of America prior to his
transfer to federal custody.  Because the UCEA does not apply to
state-to-federal transfers of custody, it does not create a pre-
transfer hearing requirement for such transfers that would amount
to a "pre-existing right under state or federal law" guaranteed
by the IAD.[2]  Thus, the Court concludes that Plaintiff's argument
in Claim One of the complaint--that he was denied due process
under the IAD based on the denial of a pre-transfer hearing--
lacks any arguable basis in law and must be dismissed as legally

---

[2]  Because Defendants did not violate the IAD by not
providing Plaintiff a pre-transfer hearing, the Court need not
reach the issue of whether the deprivation of a pre-transfer
hearing constitutes a constitutional due process violation
sufficient to state a *Bivens* claim.

frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833(1989)(Legally frivolous claims include "claims of infringement of a legal interest which clearly does not exist.").

## B. Right to Petition Governor

Plaintiff argues that Defendants denied him due process by "failing to inform him of his right pursuant to Article IV(a) of the [IAD] to petition the Governor of Utah to disapprove the United States [sic] request for custody." (Compl. at 2.)  Art. IV(a) of the IAD states:

> The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated: *Provided*, That the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request: *And provided further*, That *there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.*

18 U.S.C.App. 2, § 2, Art. IV(a) (West 2007)(final emphasis added).  Although Plaintiff was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*, the Supreme Court has found such writs to be "written request[s] for

temporary custody," within the meaning of Art. IV(a) of the IAD. *United States v. Mauro*, 436 U.S. 340, 361, 98 S. Ct. 1834, 1858 (1978). Thus, Plaintiff asserts that he was entitled under the IAD to a thirty day waiting period, before execution of the writ of habeas corpus *ad prosequendum*, in which to petition the Governor of Utah for relief.[3]

Although there is no controlling precedent on this issue in the Tenth Circuit, other circuits that have addressed this argument have concluded that the thirty day waiting period in Article IV(a) "does not apply to federal writs of habeas corpus *ad prosequendum* that follow detainers." *United States v. Bryant*, 612 F.2d 799, 802 (4th Cir. 1979). As the *Bryant* court explained:

> While the thirty-day period applies to state requests and to other federal "requests" for custody or availability that do not have operative effect in themselves, it does not apply to a request in the form of a federal writ of habeas corpus *ad prosequendum* that follows a detainer and that is immediately legally effective . . . .

*Id.* (internal citation omitted).

---

[3] Plaintiff's Complaint explicitly challenges only the failure to *advise* him of his right to seek relief under the IAD, nevertheless, the Court liberally construes this argument as challenging the actual *execution* of the writ during the thirty day waiting period. Because the Court concludes that the thirty-day waiting period does not apply in this instance, the question whether Plaintiff was entitled to notice of this provision is moot.

The Third Circuit reached the same conclusion in *United States v. Graham*, 622 F.2d 57 (3rd Cir. 1980). Relying upon the Supreme Courts' reasoning in *Mauro*, 436 U.S. at 361, the *Graham* court found that "in enacting Article IV(a), Congress did not intend to confer on state governors the power to disobey writs issued by federal courts as 'written requests for custody' under the [IAD]." *Graham*, at 59. Thus, the Third Circuit concluded that "[i]nasmuch as [a state governor has] no authority to refuse the request by the United States for custody . . . , issued in the form of a writ of habeas corpus *ad prosequendum*, application of the thirty day period of repose set forth in Article IV(a) would serve no purpose contemplated by Congress." *Id.*

The Court finds the reasoning of the Third and Fourth Circuits highly persuasive on this issue. Thus, the Court concludes, for the reasons explained in *Graham* and *Bryant*, that Plaintiff's transfer to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, within thirty days from the lodging of the detainer against him, did not violate Plaintiff's rights under the IAD.

### C. Continuation of State Sentence

Plaintiff asserts that his transfer from state to federal custody was a "surrendering of sovereignty" by the State of Utah which prohibits continuation of Plaintiff's state probation

following completion of his federal sentence.  Plaintiff argues

that the "State of Utah must terminate the State sentence, and

cannot interrupt the sentence and require the petitioner to

continue under its jurisdiction due to the surrendering of the

state sovereign [sic] . . ."  (Compl. at 7.)  Although Plaintiff

generally references one Supreme Court and one Tenth Circuit

decision, neither of these opinions appear to be on point and

Plaintiff offers no other legal support for this argument.  Even

if Plaintiff could offer some legal support for his sovereignty

argument, however, this civil rights suit would not be the proper

avenue for obtaining the relief sought by Plaintiff.

It is well established that "habeas corpus is the exclusive

remedy for a state prisoner who challenges the fact of his

confinement and seeks immediate or speedier release, even though

such a claim may come within the literal terms of § 1983." *Heck*

*v. Humphrey*, 512 U.S. 477, 480-82, 114 S. Ct. 2364 (1994).  In

*Heck,* the Supreme Court held that claims for damages or release

from confinement based on unconstitutional conviction or

imprisonment are not cognizable under 42 U.S.C. § 1983 unless the

plaintiff can show that his conviction or sentence has already

been invalidated in a habeas corpus type proceeding.  *Id. at 487*.

The Tenth Circuit has held that *Heck* also "applies to proceedings

that call into question the fact or duration of parole or

probation."  *See* *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Although Plaintiff's complaint is quite vague regarding the legal basis for this claim, the relief sought--release from probation and termination of Plaintiff's state sentence following his release from federal custody--clearly falls within the language of *Heck*.  Because Plaintiff cannot show that his state sentence has already been invalidated in a habeas corpus type proceeding, as required under *Heck*, Plaintiff cannot obtain the relief he seeks through this civil rights action.  Thus, the Court concludes that Plaintiff's allegations challenging the continuation of his state sentence fail to state a claim for relief under *Bivens*.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's claim challenging the denial of a pre-transfer hearing under the Interstate Agreement on Detainers, is **dismissed** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

(2) Plaintiff's remaining claims are **dismissed** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted; and,

(3) this case is **closed.**

DATED this 24th day of September, 2007.

BY THE COURT:

_____
Tena Campbell, Chief Judge
United States District Court